L. B. STOWELL

*v.*

ALEXANDER MOORE.

1. DEPOSITION—*formal objections waived by going to trial without motion to suppress.* Merely formal objections to a deposition are waived by a failure to move to suppress the same before the trial, as, where the *dedimus* names the commissioner as W. H. Miner and the notice describes him as N. H. Miner, before whom it is in fact taken.

2. SAME—*misdescription of note in interrogatory.* A misdescription of the note sued on in an interrogatory of a deposition, as to the rate of interest, describing it as bearing ten per cent instead of twelve, is not a sufficient variance to exclude the answer as evidence, where it is apparent that the note referred to in the answer is the one in suit.

3. PRACTICE—*finding propositions of law arising in case.* Where the plaintiff is entitled to judgment if his testimony is the most credible, and the defendant is also entitled to judgment if his evidence is believed, depending upon the facts as to the defense, it is not error for the court, trying the case without a jury, to refuse to decide whether the defendant's propositions submitted contain correct principles of law, if the finding can not change the judgment upon the facts.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Alexander Moore against L. B. Stowell, to recover the amount due upon a promissory note. The defendant in the circuit court set up as a defense that the note had been obtained by fraud; that it was given for a certain lot in "Sauk Centre, Minn.," which the plaintiff sold defendant and agreed to convey to him, but when the deed was executed, plaintiff fraudulently inserted in the deed another and different lot, and one of little or no value, at the same time pretending and claiming to the defendant that the lot described in the deed was the one which he had pointed out and sold to defendant. The parties by agreement waived a jury and a trial was had before the court, and upon the evidence the court rendered judgment in favor of plaintiff for the amount due upon the promissory note.

The first error relied upon by appellant is, the ruling of the court in admitting in evidence the deposition of the plaintiff. The deposition was taken in the State of Minnesota, before N. H. Miner, a commissioner named in a *dedimus* issued for that purpose. The objection made to the deposition is, that the *dedimus* named W. H. Miner as commissioner, while the notice served on defendant named the commissioner as N. H. Miner, and the deposition was actually taken by N. H. Miner. The *dedimus* has not been incorporated into the bill of exceptions, and we have no means of determining whether the objection relied upon, in fact exists. But, aside from this, the objection was merely formal, and as no motion was made before the trial to suppress the deposition, we must regard the objection as waived.

It is next urged that the court erred in admitting in evidence the answer to interrogatory two, of Moore's deposition. It is true, the note declared upon was described as a note with interest at twelve per cent, and the note specified in the interrogatory was described as bearing interest at ten per cent, but

this slight variance was not enough to exclude the answer as evidence. It is apparent, from all the facts, that the note referred to in the answer was the note in dispute, and although misdescribed in one particular, such fact was not a sufficient cause to reject entirely the answer of the witness to the interrogatory.

It is also claimed, the court erred in refusing to hold as law certain propositions submitted by appellant. It will not be necessary to inquire whether the different propositions submitted by appellant contained correct principles of law, as the decision of that question would not necessarily change the judgment rendered in the case. The decision of the case depended entirely upon the view the court might take of the evidence. If the evidence of the defendant was relied upon, then no recovery could be had. If, on the other hand, the evidence of the plaintiff, which was in direct conflict with that of the defendant, was received as the more credible, then the judgment would necessarily be in his favor. Under such circumstances it was immaterial what view the court might take of the abstract propositions of law submitted by appellant. As appellant was, therefore, in no manner injured by the decision of the court refusing the propositions submitted, we can not on that ground reverse the judgment.

The plaintiff testified that he conveyed the identical lot to the defendant which he purchased; that no fraud or deception was practiced upon him. If this be true,—and the court, sitting as a jury in the case, was at liberty to adopt that view of the case,—then the judgment was correct.

So far as the record discloses, a fair trial was had, and we perceive no ground to interfere with the judgment. It will be affirmed.

*Judgment affirmed.*